UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO GONZALEZ,<br><br>                               Plaintiff,<br>v.<br>SALLIE MAE BANK, et al.,<br><br>                             Defendants. | Case No.: 18cv2457<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS** |

Plaintiff Jose Antonio Gonzalez, through counsel, filed his complaint in this case bringing claims under the federal Fair Debt Collection Practices Act (FDCPA) and Fair Credit Reporting Act (FCRA); under California's Rosenthal Fair Debt Collection Practices Act (RFDCPA) and Consumer Credit Reporting Agencies Act (CCCRAA); and for declaratory relief, apparently under the federal Declaratory Judgment Act. Defendant Sallie Mae Bank ("SMB") moved to dismiss.

**Legal Standards**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The pleading standard is governed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under Fed. R. Civ. P. 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief," is

required, in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554–55. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. "[S]ome threshold of plausibility must be crossed at the outset" before a case is permitted to proceed. *Id.* at 558 (citation omitted). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of misconduct"; they must show that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Nor does the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations . . . ." *Navajo Nation v. Dept. of Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017) (citation and quotation marks omitted).

**Factual Background**

According to the complaint, Defendant Rafael Hernandez asked Gonzalez to co-sign for a student loan he was planning to apply for. Gonzalez alleges he provided Hernandez with his date of birth and social security number, but wanted more information before he would agree to be Hernandez's co-signer. Gonzalez alleges Hernandez applied for the loan anyway, somehow listing Gonzalez as a co-signer, and the loan was approved.

The loan apparently became past due, and SMB attempted to collect from Gonzalez. Although Gonzalez is suing both SMB and Hernandez, only SMB has moved to dismiss; Hernandez has not appeared.

/ / /

/ / /

**Discussion**

**FDCPA**

SMB points out that it is a lender, not a debt collector for purposes of the FDCPA. The complaint agrees that SMB was the lender on the obligation at issue here. It does not allege that SMB's principal business is the collection of debts, nor that it regularly collects or attempts to collect debts owed to others. *See* 15 U.S.C. § 1692a(6) (defining "debt collector").

Gonzalez argues that SMB holds itself out as a debt collector, and if permitted to amend could allege facts showing that. In support of this, he cites an email dated March 8, 2018. (*See* Decl. of Robert Waller, Ex. 3.) Even if a lender could become a debt collector for FDCPA purposes by holding itself out as one, this email does not do that. Instead, it merely references the loan, which it says is delinquent. A warning below the signature line says "This is an attempt to collect a debt and information obtained will be used for that purpose," but does not mention the FDCPA. Bearing in mind that SMB might be treated as a debt collector under some laws, a generic warning is perhaps not surprising.

Because the FDCPA's definition of "debt collector" does not include a "holding out" theory under which an entity that is not otherwise a debt collector could become one merely by holding itself out as one. *See O'Connor v. Wells Fargo, N.A.*, 2014 WL 4802994, at *3 (N.D. Cal., Sept. 26, 2014) (holding that even if defendant had held itself out as a debt collector, it was not a debt collector within the definition of the FDCPA); *Hernandez v. Green Tree Servicing LLC*, 2014 WL 2586932 at *3 (C.D. Cal., June 9, 2014) ("[W]hether Green Tree is a debt collector under the FDCPA does not turn on whether Green Tree holds itself out as a debt collector.") Even where FDCPA-specific warnings or disclaimers have been given, courts have not treated them as giving rise to an inference that the sender is a debt collector for FDCPA purposes. *See Amelina v. Mfrs. & Traders Trust Co.*, 2016 WL 3982483, at *11 (S.D. Cal., July 21, 2016) (surveying cases). In other words,

even if SMB had held itself out as a debt collector, that alone would not mean it was one for purposes of the FDCPA.

And even more so, generic warnings about debt collection that are identical or similar to the one Gonzalez points to have been held insufficient to give rise to an inference that the sender was a debt collector under the FDCPA. *See O'Connor v. Wells Fargo, N.A.*, 2014 WL 4802994, at *4 (N.D. Cal., Sept. 26, 2014); *Akil v. Carrington Mortg. Servs., LLC*, 2013 WL 3779292, at *2 (E.D. Cal., July 17, 2013).

**FCRA**

The parties agree that Gonzalez's FCRA remedy, if he has one, is found in 15 U.S.C. § 1682s-2(b). They agree that the FCRA provides no private right of action to consumers for a creditor's initial failure to notify credit reporting agencies (CRAs) of a consumer's dispute. Section 1682s-2(b)(1), however, does provide a private right of action. This section requires that, after receiving notice pursuant to § 1681i(a)(2), a furnisher of information (here, SMB) must take certain actions, beginning with an investigation. SMB argues that Gonzalez has no claim under this section, however, because the complaint does not allege SMB received notice of his dispute from a CRA. Rather, it makes allegations about what SMB "knew." (Complaint, ¶¶ 45–48, 50.) It also includes a request that SMB be "enjoined from enforcing the loan," although this appears to be a request under some other provision of law. (*Id.*, ¶ 49.)

Gonzalez argues that SMB knew or was on notice that the information it was reporting to CRAs was inaccurate. But merely a creditor's obligation § 1681i(a)(2) requires that the furnisher of information receive notification. Specifically, §1681i(a)(2)(B) requires the CRA to "promptly provide" to the furnisher "all relevant information regarding the dispute . . . ." This notification triggers the furnisher's obligation to conduct an investigation. *Gorman v. Wolpoff & Abramson,* LLP, 584 F.3d 1147, 1157 (9th Cir. 2009) ("[A] furnisher's obligation to conduct a reasonable

/ / /

investigation under § 1681s-2(b)(1)(A) arises when it receives a notice of dispute from a CRA.")

Consumers can also initiate a direct dispute by notifying the creditor (*i.e.*, the furnisher of information to the CRA), *see* 16 C.F.R. § 660.2(b), but this creates no private right of action regardless of how the dispute is resolved.

If constructive notice or knowledge of the underlying facts were enough, either direct or indirect disputes would give rise to private rights of action any time a creditor failed to carry out its obligations under either §1681s-2(a) *or* (b). But in fact, only indirect disputes can give rise to private rights of action under the FCRA; violations of the FCRA in connection with a direct dispute are enforceable only by government officials. *Gustafson v. Experian Info. Solutions, Inc.*, 2014 WL 2115210, at *2 (C.D. Cal., May 21, 2014).

Gonzalez points to two pages from his Experian credit reports. (Waller Decl., Exs. 4 and 5.) These include the identical comments "Subscriber reports dispute resolved – consumer disagrees." These are in a general "comments" section, however, and do not indicate what kind of dispute it was or how Experian came to know of the dispute. But Gonzalez resolves the issue, by explaining that he disputed the obligation directly with SMB, beginning in December of 2017, and that SMB undertook an investigation. (Waller Decl., ¶ 4(b)–(c) and (h).) Under § 1681s-2(a)(3), SMB was obligated to notify Experian that Gonzalez had disputed the information SMB was reporting to Experian. The notions in the Experian reports, in other words, appear to mean that SMB notified Experian that Gonzalez had initiated a direct dispute.

In short, the complaint does not allege SMB ever received notice pursuant to § 1681s(a)(2), and the facts Gonzalez proffers would not correct this defect. Rather, they strongly suggest he cannot.

/ / /

/ / /

**RFDCPA and CCRAA**

SMB argues that the RFDCPA and CCCRAA claims are either preempted or nearly preempted. *See Gorman*, 584 F.3d at 1170–71; *Miller v. Bank of Am., Nat'l Ass'n*, 858 F. Supp. 2d 1118, 1124 (S.D. Cal., 2012). Gonzalez largely concedes this, although he argues that to the extent his claims arise under the RFDCPA's provisions concerning identity theft, they are not. The complaint, however, does not include sufficient allegations regarding identity theft, or of SMB's knowledge of it.

Gonzalez also concedes his CCCRAA claims are preempted, other than those under section 1785.25(a). He does not address SMB's contention that his claims under this section are inadequately pled, impliedly conceding them. Instead, he offers to amend his complaint to correct the defects.

The Court finds these two claims are mostly preempted, and to the extent they are not preempted they are inadequately pled.

**Declaratory Relief**

Gonzalez's request for declaratory relief is the only one brought against Hernandez. It merely asks for a determination of Defendants' rights and obligations. If he prevails, he asks the Court to declare that SMB "must rescind and/or otherwise remove [him] from any obligation for the student loan . . . ." (Compl., ¶ 18.) This is actually a request for injunctive relief, however. Furthermore, declaratory relief is not itself a cause of action and does not give rise to federal question jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Rather, it is a kind of relief the Court can grant, if appropriate. *Id.* at 671–72. A claim for declaratory relief cannot survive independently of other valid claims. *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167–68 (9th Cir. 1998).

Gonzalez's briefing implies he wants the Court to resolve the underlying controversy about whether he validly agreed to serve as co-signer for Hernandez's

loan. But this claim is not adequately pled or briefed. This is particularly true because allegations against Hernandez raise questions of fraud or mistake, and under Fed. R. Civ. P. 9(b) must be pled with particularity. *See, e.g., U.S. Bank Trust, N.A. v. Lindsey*, 2014 WL 12561098, at *8 (C.D. Cal., Nov. 21, 2014) (applying Rule 9(b)'s heightened pleading standard to allegations of forgery of a notary's signature). Even if any of Gonzalez's other claims were adequately pled, he would still need to amend this claim to avoid its dismissal.

**Conclusion**

The motion to dismiss is **GRANTED IN PART.** Gonzalez's state law and declaratory relief claims are inadequately pled, and are **DISMISSED WITHOUT PREJUDICE**. His FDCPA claim cannot be saved by amendment, and is **DISMISSED WITH PREJUDICE**. His FCRA claim probably cannot be saved by amendment, unless he can plead facts showing he also initiated an indirect dispute that gave rise to his claim. His FCRA claim is **DISMISSED WITHOUT PREJUDICE**.

The complaint identifies federal question as the primary source of the Court's jurisdiction, and asks the Court to exercise supplemental jurisdiction over the state law claims. (Compl., ¶ 9.) In the absence of at least one viable federal question, the Court cannot exercise supplemental jurisdiction over the state claims. 28 U.S.C. § 1367(a); *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). And, as noted, the Declaratory Judgment Act is not an independent source of federal question jurisdiction.

If Gonzalez thinks he can successfully amend his FCRA claim, he should file an *ex parte* motion (without obtaining a hearing date) for leave to amend that complies with Civil Local Rule 15.1(b). His motion must show that he can state a valid claim under the FCRA, and that the Court can exercise supplemental jurisdiction over the remaining claims.

/ / /

Gonzalez's motion must be filed by **October 2, 2019**. SMB's opposition, if any, should be filed by **October 23, 2019**. No reply should be filed without leave. If Gonzalez does not believe he can successfully amend, he should file an *ex parte* or joint motion to dismiss.

If Gonzalez does not seek leave to amend as ordered, the Court will construe this as his concession that he cannot bring a successful FCRA claim. The case will then be dismissed with prejudice as to the federal claims, and without prejudice as to the state law claims.

**IT IS SO ORDERED**.

Dated: September 12, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge